1 | Michael J. Flannery (State Bar No. 196266)
mflannery@careydanis.com
2 | James J. Rosemergy
jrosemergy@careydanis.com
3 | CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
4 | St. Louis, MO 63105
Telephone: (314) 725-7700
5 | Facsimile: (314) 721-0905

6 | Attorneys for Plaintiff and the Proposed Class

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | CHRISTOPHER RIPPEL on behalf of himself and all others similarly situated,     Case No.

12 |             Plaintiff,

13 | v.

14 | SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG SEMICONDUCTOR, INC.;
15 | HITACHI, LTD.; HITACHI AMERICA, LTD.;
HITACHI ELECTRONIC DEVICES (USA), INC.;
16 | HYNIX SEMICONDUCTOR, INC.; HYNIX
SEMICONDUCTOR AMERICA, INC; MICRON
17 | SEMICONDUCTOR PRODUCTS, INC; MICRON
TECHNOLOGY, INC.; MITSUBISHI ELECTRIC
18 | CORP.; MITSUBISHI ELECTRIC AND
ELECTRONICS U.S.A., INC.; RENESAS
19 | TECHNOLOGY AMERICA, INC.; RENESAS
TECHNOLOGY CORPORATION; TOSHIBA
20 | CORPORATION; TOSHIBA AMERICA, INC.;
TOSHIBA AMERICA ELECTRONIC
21 | COMPONENTS, INC.; WINBOND
ELECTRONICS CORPORATION; and
22 | WINBOND ELECTRONICS CORPORATION
AMERICA,

23 |             Defendants.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Case No. 07    2066

24

25

26 |        Plaintiff Christopher Rippel ("Plaintiff"), individually and on behalf of the class

described below, brings this action for injunctive relief and treble damages against Defendants,

27

28

37438.1     1

1    and demanding a trial by jury, complains and alleges on information and belief to all matters

2    except those stated in paragraph 7, which are based on personal knowledge, as follows:

3                              **NATURE OF THE ACTION**

4             1.    Plaintiff brings this lawsuit as a class action on behalf of individuals and

5    entities who indirectly purchased Flash Memory from Defendants, their subsidiaries, agents, or

6    co-conspirators, during the period from at least January 1, 1999 through the date of class

7    certification (the "Class Period").

8             2.    As used herein, the term "Flash Memory" means all types of Flash

9    Memory sold during the Class Period, including AND, NAND, and NOR technologies.  For

10   purposes of this Complaint, Flash Memory excludes all types of static random access memory

11   ("SRAM") or dynamic random access memory ("DRAM") sold during the Class Period.

12            3.    During the Class Period, Defendants' collusive behavior inflated the price

13   of Flash Memory.  In particular, Defendants participated in cartel behavior to fix the prices of

14   these products.  Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other

15   members of the Class paid artificially inflated prices for Flash Memory.  Plaintiff and other

16   members of the Class who purchased these products have been damaged by Defendants' illegal

17   actions.

18                              **JURISDICTION AND VENUE**

19            4.    This complaint is brought pursuant to Section 16 of the Clayton Act,

20   15 U.S.C. § 26, to obtain injunctive relief for violations of Section 1 of the Sherman Act,

21   15 U.S.C. § 1, to recover damages and other equitable relief under state antitrust, consumer

22   protection, and common laws, and to recover the cost of suit, including reasonable attorneys'

23   fees, against Defendants for the injuries sustained by Plaintiff and the members of the Class by

24   reason of Defendants' legal violations.

25            5.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and

26   Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.  The Court also has jurisdiction

27   over this action pursuant to 28 U.S.C. § 1332(d) as there are members of the Class who are

28   citizens of different states than the Defendants and the amount in controversy for the Class

1    exceeds $5 million.  This Court has *in personam* jurisdiction over each of the Defendants because

2    each was engaged in an illegal price-fixing scheme and conspiracy that was directed to and/or

3    caused injury to persons or entities residing in, located in, or doing business in this District and

4    throughout the United States.

5          6.    Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391

6    because one or more Defendants reside, transact business, or are found within this District, and a

7    substantial part of the events giving rise to the claims arose in this District.  California is a major

8    center of the international technology industry.  Defendants, many of whom are headquartered or

9    base their operations in the Northern District of California, together with their co-conspirators,

10    participated in a conspiracy substantially in the State of California, to fix or maintain the prices of

11    Flash Memory.

12    **THE PARTIES**

13    **A.    The Plaintiff**

14          7.    Plaintiff Christopher Rippel indirectly purchased Flash Memory in the

15    State of California, including a cell phone, flash memory cards, USB jump drives, and digital

16    cameras during the Class Period, for his use and not for resale, and was injured as a result of

17    Defendants' illegal conduct.

18    **B.    The Defendants**

19          8.    Defendant Samsung Electronics Co. Ltd. is a business entity organized

20    under the laws of South Korea.  During the time period covered by this Complaint.  Samsung

21    Electronics Co. Ltd. manufactured, sold, and distributed Flash Memory to customers throughout

22    the United States.

23          9.    Defendant Samsung Semiconductor, Inc., a wholly owned and controlled

24    subsidiary of Samsung Electronics Co. Ltd., is a corporation organized under the laws of

25    California.  During the time period covered by this Complaint, Samsung Semiconductor, Inc. sold

26    and distributed Flash Memory to customers throughout the United States.  Samsung Electronics

27    Co. Ltd., and Samsung Semiconductor, Inc. are referred herein collectively as "Samsung."

28

1         10.    Defendant Hitachi, Ltd. is a business entity organized under the under the

2    laws of Japan.  During the time period covered by this Complaint, Hitachi, Ltd. manufactured,

3    sold, and distributed Flash Memory to customers throughout the United States.

4         11.    Defendant Hitachi America, Ltd., a wholly owned and controlled

5    subsidiary of Hitachi, Ltd., is a corporation organized under the laws of New York.  During the

6    time covered by this Complaint, Hitachi America, Ltd. sold and distributed Flash Memory to

7    customers throughout the United States.

8         12.    Defendant Hitachi Electronic Devices (USA), Inc., a wholly owned and

9    controlled subsidiary of Hitachi, Ltd., is a corporation organized under the laws of Delaware.

10    Hitachi, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc. are referred

11    herein collectively as "Hitachi."

12         13.    Defendant Hynix Semiconductor, Inc. is a business entity organized under

13    the laws of South Korea.  During the time period covered by this Complaint, Hynix

14    Semiconductor, Inc. manufactured, sold, and distributed Flash Memory to customers throughout

15    the United States.

16         14.    Defendant Hynix Semiconductor America, Inc., a wholly owned and

17    controlled subsidiary of Hynix Semiconductor, Inc., is a corporation organized under the laws of

18    California.  During the time period covered by this Complaint, Hynix Semiconductor America,

19    Inc. sold and distributed Flash Memory to customers throughout the United States.  Hynix

20    Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred herein collectively as

21    "Hynix."

22         15.    Defendant Micron Technology, Inc. is a corporation organized under the

23    laws of Delaware.  During the time period covered by this Complaint, Micron Technology, Inc.

24    manufactured, sold, and distributed Flash Memory throughout the United States.

25         16.    Defendant Micron Semiconductor Products, Inc., a wholly owned and

26    controlled subsidiary of Micron Technology, Inc., is a corporation organized under the laws of

27    Idaho.  During the time period covered by this Complaint, Micron Semiconductor Products, Inc.

28    sold and distributed Flash Memory to customers throughout the United States.  Micron

1   Technology, Inc. and Micron Semiconductor Products, Inc. are referred herein collectively as

2   "Micron."

3          17.    Defendant Mitsubishi Electric Corporation is a business entity organized

4   under the laws of Japan.  During the time period covered by this Complaint, Defendant

5   Mitsubishi Electric Corporation., Inc. manufactured, sold, and distributed Flash Memory to

6   customers throughout the United States.

7          18.    Defendant Mitsubishi Electric & Electronics USA, Inc., a wholly owned

8   and controlled subsidiary of defendant Mitsubishi Electric Corporation, is a corporation organized

9   under the laws of Delaware.  During the time period covered by this Complaint, Defendant

10  Mitsubishi Electric & Electronics USA, Inc. sold and distributed Flash Memory to customers

11  throughout the United States.  Mitsubishi Electric Corp.  and Mitsubishi Electric & Electronics

12  USA, Inc. are referred herein collectively as "Mitsubishi."  In or about October 2002, Hitachi and

13  Mitsubishi ceased manufacturing Flash Memory and transferred this business to Renesas.

14         19.    Defendant Renesas Technology Corporation is a business entity organized

15  under the laws of Japan.  During the time period covered by this Complaint, Renesas Technology

16  Corporation sold and distributed Flash Memory to customers throughout the United States.

17         20.    Defendant Renesas Technology America, Inc., a wholly owned and

18  controlled subsidiary of Renesas Technology Corporation, is a corporation organized under the

19  laws of Delaware.  During the time period covered by this Complaint, Renesas Technology

20  America, Inc. sold and distributed Flash Memory to customers throughout the United States.

21  Renesas Technology Corporation and Renesas Technology America, Inc. are referred herein

22  collectively as "Renesas."

23         21.    Defendant Toshiba Corporation is a business entity organized under the

24  laws of Japan.  During the time period covered by this Complaint, Toshiba Corporation

25  manufactured, sold, and distributed Flash Memory to customers throughout the United States.

26         22.    Defendant Toshiba America, Inc., a wholly owned and controlled

27  subsidiary of Toshiba Corporation, is a corporation organized under the laws of Delaware.

28

1    During the time period covered by this Complaint, Toshiba America Corporation sold and

2    distributed Flash Memory to customers throughout the United States.

3             23.    Defendant Toshiba America Electronic Components, Inc., a wholly owned

4    and controlled subsidiary of Toshiba Corporation, is a corporation organized under the laws of

5    California. During the time covered by this Complaint, Toshiba America Electronic Components,

6    Inc. sold and distributed Flash Memory to customers throughout the United States. Toshiba

7    Corporation, Toshiba America, Inc., and Toshiba America Electronic Components, Inc. are

8    referred herein collectively as "Toshiba."

9             24.    Defendant Winbond Electronics Corporation is a business entity organized

10   under the laws of Taiwan. During the time period covered by this Complaint, Winbond

11   Electronic Corporation manufactured, sold, and distributed Flash Memory to customers

12   throughout the United States.

13            25.    Defendant Winbond Electronics Corporation America, Inc., a wholly

14   owned and controlled subsidiary of Winbond Electronics Corporation, is a corporation organized

15   under the laws of Delaware. During the time period covered by this Complaint, Winbond

16   Electronics Corporation America, Inc. sold and distributed Flash Memory to customers

17   throughout the United States. Winbond Electronics Corporation and Winbond Electronics

18   Corporation America, Inc. are referred herein collectively as "Winbond."

19   **C.    Co-Conspirators**

20            26.    Defendants, along with certain other corporations, entities, and persons are

21   co-conspirators in the violations and cartel behavior alleged in this Complaint. These co-

22   conspirators have performed acts and made statements in furtherance of the antitrust violations

23   and conspiracies alleged herein.

24            27.    At all relevant times, each Defendant ratified and/or authorized the

25   wrongful acts of each of the other Defendants. Defendants, and each of them, are individually

26   sued as participants and as aiders and abettors in the improper acts, plans, schemes, and

27   transactions that are the subject of this complaint. Defendants, and each of them, participated as

28   members of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying

1  out its purposes alleged in this Complaint, and have performed acts and made statements in

2  furtherance of the violations and conspiracy.

3                              **CLASS ACTION ALLEGATIONS**

4          28.     Plaintiff brings this action both on behalf of himself and on behalf of the

5  following Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> All persons and entities currently residing in the United States who,
> from January 1, 1999 through the date of class certification,
> indirectly purchased Flash Memory from the Defendants, in the
> United States, for their own use and not for resale.  Excluded from
> this Class are the Defendants; their parents, predecessors,
> successors, subsidiaries, units, divisions, employees, officers,
> directors; co-conspirators; government entities; and any and all
> judges and justices (and members of their immediate families)
> assigned to hear any aspect of this case.

11         29.     This action has been brought and may be properly maintained as a class

12 action pursuant to Federal Rule of Civil Procedure 23 for the following reasons:

13         a.      The Class is ascertainable and there is a well-defined community of

14 interest among the members of the Class;

15         b.      Based upon the nature of the trade and commerce involved and the

16 number of indirect purchasers of Flash Memory, Plaintiff believes that the members of the Class

17 number in the hundreds of thousands, and therefore is sufficiently numerous that joinder of all

18 Class members is not practicable;

19         c.      Plaintiff's claims are typical of the claims of the members of the

20 Class because Plaintiff indirectly purchased Flash Memory from one or more of the Defendants

21 or their co-conspirators, and therefore Plaintiff's claims arise from the same conduct giving rise to

22 the claims of the members of the Class and the relief sought is common to the Class;

23         d.      The following questions of law or fact, among others, are common

24 to the members of the Class:

25                 i.      whether Defendants formed and operated a combination or

26 conspiracy to fix, raise, maintain, or stabilize the prices of Flash Memory;

27                 ii.     the nature and character of the acts done in furtherance of

28 the conspiracy;

1        iii.    whether the combination or conspiracy caused Flash

2    Memory prices to be higher than they would have been in the absence of Defendants' conduct;

3        iv.    whether Defendants' conduct caused injury to the business

4    or property of Plaintiff and the members of the Class;

5        v.    the appropriate measure of the amount of damages suffered

6    by the Class;

7        vi.    the duration of Defendants' combination or conspiracy;

8        vii.    the identities of the co-conspirators;

9        viii.    whether Defendants' illegal acts continue, justifying the

10   entry of an injunction prohibiting such conduct to continue;

11       ix.    whether Defendants' conduct violates Section 1 of the

12   Sherman Act, 15 U.S.C. § 1;

13       x.    whether Defendants' conduct violates California Business

14   and Professions Code sections 16720 and 17200;

15       xi.    whether Defendants' conduct violates the antitrust, unfair

16   competition, and common laws of the states as alleged in the Fourth Claim for Relief below; and

17       xii.    whether Defendants actively concealed the conspiracy from

18   Plaintiffs and other Class members;

19       e.    These and other questions of law and fact are common to the

20   members of the Class and therefore predominate over any questions affecting only individual

21   members of the Class;

22       f.    Plaintiff will fairly and adequately protect the interests of the Class

23   in that Plaintiff has no interests that are antagonistic to other members of the Class;

24       g.    Plaintiff has retained counsel competent and experienced in the

25   prosecution of antitrust litigation and class actions to represent himself and the Class;

26       h.    A class action is superior to other available methods for the fair and

27   efficient adjudication of this dispute because individual joinder of all damaged Class members is

28   impractical. The damages suffered by individual Class members are relatively small.  Thus,

37438.1                                                   8

1   absent the availability of Rule 23's class action procedures, it is not feasible for Class members to

2   sue solely on their own behalf. Individual litigation presents the potential for inconsistent or

3   contradictory judgments and will also greatly magnify the delay and expense to all parties and to

4   the judicial system. Therefore, using class action procedures presents far fewer case management

5   difficulties and will provide the benefits of a single adjudication, economies of scale, and the

6   supervision by a single court;

7              i.    in the absence of a class action, Defendants will be unjustly

8   enriched because they will be able to retain the benefits of their wrongful conduct; and

9              j.    the claims in this case are also properly certifiable under the laws of

10   the State of California, and of the other individual states identified below.

11                          **INTERSTATE TRADE AND COMMERCE**

12        30.    During the time period covered by this Complaint, Defendants and their

13   co-conspirators sold and distributed Flash Memory to and throughout the United States.

14   Defendants and their co-conspirators manufactured, sold, and shipped Flash Memory in a

15   continuous and uninterrupted flow of interstate and international commerce. During each year of

16   the Class Period, total sales of Flash Memory were in the billions of dollars.

17                             **FACTUAL ALLEGATIONS**

18        31.    Flash Memory is a type of electronic memory chip with a read-only

19   memory that retains its data when the power is turned off and that can be electronically erased

20   and reprogrammed without being removed from the circuit board. Flash Memory is non-volatile,

21   meaning that it does not need continuous power to maintain the stored information. Flash

22   Memory is produced in the form of an integrated circuit, which is used in a variety of

23   applications, including memory cards, digital cameras, USB storage devices, portable music

24   players, mobile wireless technology, game consoles, fax machines, and personal computers. It is

25   also packaged as stand-alone chips for circuit board mounting. For example, several years ago,

26   FLASH BIOS ("Basic Input/Output System") chips replaced ROM BIOS chips in PCs so that the

27   BIOS could be updated in-place instead of being removed and replaced.

28

1        32.    "Flash memory" was a term coined by Toshiba to express how fast it could

2   be erased, that is, in a flash.

3        33.    Non-Volatile Memory ("NVM") is computer memory that can retain the

4   stored information even when not powered.  Examples include, in addition to flash memory,

5   most types of hard disks, and optical disc drives.  NVM is usually used for secondary storage or

6   long term storage. The most widely used primary storage is volatile RAM, meaning when the

7   computer is shut down anything contained in RAM is lost.

8        34.    BIOS is built-in software that determines what a computer can do without

9   accessing programs from a disk. On personal computers, BIOS contains all the code required to

10  control the keyboard, display screen, disk drives, serial communications, and a number of

11  miscellaneous functions.

12       35.    NOR and NAND are flash memory chips constructed of either NOR or

13  NAND logic gates.  Electronic logic gates are a collection of transistors and resistors that

14  implement Boolean logic operations in a circuit. Transistors make up logic gates. Logic gates

15  make up circuits. Circuits make up electronic systems.  NOR chips function like a computer's

16  main memory, while NAND works like a hard disk. For example, in a digital camera, NOR flash

17  memory contains the camera's internal software, while NAND flash memory is used to store the

18  images.

19       36.    A logic gate is an elementary building block of a digital circuit.  There are

20  seven logic gates:  AND, OR, XOR, NOT, NAND, NOR, and XNOR.  Most logic gates have two

21  input terminals and one output terminal.  Every terminal is in one of two binary conditions that is

22  represented by different voltage.

23       37.    NOR flash memory was developed by Intel in 1988.  NOR flash memory

24  supports one-byte random access and "execute in place" (XIP), which means machine

25  instructions can be obtained and executed directly from flash memory without going into main

26  memory (DRAM) first as is required with NAND flash memory.  NOR flash memory has a

27  lifespan of about 100K write cycles.  As with all flash memory, the cells must be erased in large

28

1  blocks before being written. Erasing a block of typically 16KB takes several seconds, but reading
2  and writing one byte at a time is very fast.

3          38.     NAND flash memory was developed by Toshiba a year after Intel's NOR
4  flash memory. NAND flash memory functions like a disk rather than memory. Flash Translation
5  Layer ("FTL") software makes flash look like a disk drive to the operating system. "Reads and
6  writes" are sector-sized blocks of 512 bytes; however, typically, a 2KB page of four blocks are
7  read and written at one time. Before writing, cells are erased in blocks ranging from 16KB to
8  128KB. Less expensive than NOR, NAND flash memory can be rewritten up to a million times,
9  and erasing and writing NAND is faster than NOR.

10          39.     AND is another standalone NAND-like chip. Hitachi and Mitsubishi
11  manufactured, sold, and distributed AND. Renesas, a product of the merger between Hitachi and
12  Mitsubishi, also produces AND and AG-AND chips.

13          40.     The Flash Memory industry is conducive to the type of cartel activity
14  alleged here. Flash Memory is a homogenous product purchased by Plaintiff and members of the
15  Class primarily on the basis of price. In addition, the Flash Memory industry is highly
16  concentrated, with Defendants accounting for almost all Flash Memory sales in the United States,
17  with Samsung being the clear market leader. According to the 2006 "Memory Market
18  Backgrounder" available on Samsung's website, the market shares of the leading Flash Memory
19  manufacturers in 2005 were: Samsung: 52.9%, Toshiba: 21.9%, Hynix: 12.7%, Renesas:
20  6.8%, and Micron: 2.2%. These five companies controlled 96.5% of the Flash Memory market.

21          41.     Entry into Flash Memory production is subject to high manufacturing and
22  technological barriers. Efficient manufacturing plants are large and costly, and viable entry also
23  requires firms to undertake significant research and development expenses.

24          42.     Numerous industry trade organizations facilitate Defendant's Flash
25  Memory cartel activities. Defendants are members of JEDEC Solid State Technology
26  Association, a standard-setting organization. Hynix and Micron are among the founding
27  members of the Open NAND Flash Interface ("ONFI") group, whose purpose is to meet and to

28

37438.1                                                11

1   discuss standards and production of NAND flash memory products.  The ONFI group has

2   discussed with Samsung having that company join as a member.

3            43.      The structure of the market also allowed Defendants to maintain and police

4   their cartel using methods such as price signaling.  For example, on March 20, 2006, Hynix

5   warned investors that the prices of NAND flash memory could fall as much as 50% for the year.

6   The next day, Samsung announced its disagreement, and said that prices would recover and

7   stabilize.  As of August 2006, Flash Memory prices had stabilized, in part, as a result of reduced

8   inventory from manufacturers.  "Apple to spur NAND Flash Market, firm says," Electronic

9   News, August 9, 2006.

10            44.      As a result of Defendants' conspiracy, prices for Flash Memory have been

11  maintained at supra-competitive levels from at least 1999 through the present.  Prior to 1999, the

12  average selling price for all Flash Memory was in steady decline.  Beginning in 2000 and

13  continuing through the first quarter of 2001, the aggregate average price of Flash Memory

14  stabilized, then increased.

15            45.      While average Flash Memory prices began to decline somewhat at the end

16  of 2001, the cartel created by Defendants operated to mitigate those declines so that prices were

17  still at supra-competitive levels.  Defendants' collusive activity still continues and has had the

18  effect of keeping prices at supra-competitive levels.

19            46.      The trend in the average prices of Flash Memory is similar to a

20  contemporaneous price movement in the DRAM market.  The pricing of, and behavior of

21  participants in, the DRAM market during this period is currently the subject of a price-fixing

22  investigation by the Antitrust Division of the U.S. Department of Justice ("DOJ").  Several of the

23  Defendants named herein are either currently the subject of the DRAM investigation, or have

24  pleaded guilty to price-fixing charges with respect to DRAM.  Samsung, for example, was fined

25  $300 million by the United States in October 2005 for participating in DRAM price-fixing.  It is

26  also under investigation by the DOJ (along with some of the other Defendants) for fixing the

27  prices of SRAM.  The agents and employees of Samsung, Hynix, and Micron implicated in the

28  DRAM price-fixing conspiracy are the same agents and employees that are responsible for

1  pricing SRAM and Flash Memory as well.  Samsung and Hynix have pled guilty to price-fixing

2  in the DRAM market during the period from 1999 to 2002 and have paid substantial fines for

3  those unlawful activities ($300 million for Samsung and $185 million for Hynix).  Micron was

4  the amnesty applicant in the DRAM price-fixing investigation.

5        47.    In October 2006, DOJ sent subpoenas to approximately 23 companies,

6  including Samsung, Hynix, Micron, Toshiba, and Renesas, in connection with an investigation of

7  cartel activity in the SRAM industry.  A DOJ spokesperson was quoted as saying: "[t]he U.S.

8  Department of Justice's antitrust division is conducting an investigation regarding anti-

9  competitive practices against chief SRAM manufacturers."  DOJ's SRAM investigation concerns

10  anticompetitive conduct that was continuing at least as recently as 2005.

11        48.    One commentator noted the pervasiveness of cartel activity among the

12  Defendants and others within the overall semiconductor industry: "If the DOJ wanted to, it could

13  just go down every line in the semiconductor industry and find the same issue,' said Gartner Inc.

14  analyst Richard Gordon.  'That's because there are a relatively few number of suppliers in the

15  chip industry and an open flow of communication between competitors and customers, who may

16  not define price fixing the same way the DOJ does,' he said." (<http://www.computerworld.com/

17  action/article.do?command=viewArticleBasic&taxonomyName=government&articleId=900556

18  &taxonomyId=13&intsrc=kc_top>).

19        49.    Defendants sell Flash Memory through various channels, including to

20  manufacturers of electronic products and devices, and to resellers of products containing Flash

21  Memory.  These electronic products and devices are then sold to consumers, directly or indirectly,

22  and are not altered during the course of sale.

23        50.    Defendants, through their officers, directors, and employees, conducted the

24  conspiracy by, among other things:

25            a.    agreeing to charge prices at specified levels and otherwise to

26  increase and maintain prices of Flash Memory sold in the United States;

27            b.    issuing price announcements and quotations in accordance with the

28  agreements reached;

1                 c.       participating in meetings and conversations, including through trade

2 associations, to discuss the prices of Flash Memory in the United States; and

3                 d.       selling Flash Memory to various customers in the United States at

4 supra-competitive prices.

5          51.    Defendants' contract, combination, trust, or conspiracy was centered in,

6 carried out, and effectuated mainly in the State of California. Therefore, all members of the Class,

7 whether or not California residents, are entitled to recover under California law, as well as the

8 laws of their own states.

9 **CONCEALMENT**

10          52.    During the conspiracy, Defendants and their co-conspirators affirmatively

11 and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-

12 conspirators conducted their conspiracy in secret and kept it within the confines of their higher-

13 level executives. Defendants and their co-conspirators publicly provided pretextual and false

14 justifications regarding their price increases. Defendants and their co-conspirators concealed the

15 true nature of their unlawful conduct, and acts in furtherance thereof, through various means and

16 methods to avoid detection. Plaintiff did not discover, and could not have discovered through the

17 exercise of reasonable diligence, that Defendants and their co-conspirators were violating the

18 antitrust laws as alleged herein until shortly before this lawsuit was started.

19          53.    As a result of the active concealment of the conspiracy by Defendants and

20 their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the

21 allegations herein have been tolled.

22 **FIRST CLAIM FOR RELIEF**

23 **(Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)**

24          54.    Plaintiff, on behalf of himself and all others similarly situated, realleges

25 and incorporates, as if fully alleged herein, each of the allegations contained in the preceding

26 paragraphs of this complaint, and further alleges against Defendants as follows.

27          55.    Beginning at least as early as January 1, 1999 and continuing through the

28 present, the exact dates being currently unknown to Plaintiff, Defendants and various co-

1    conspirators entered into and engaged in the continuing contracts, combinations, and conspiracies

2    described above in restraint of trade and commerce in the United States in violation of Section 1

3    of the Sherman Act, 15 U.S.C. § 1. These contracts, combinations, and conspiracies will continue

4    unless enjoined pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26.

5        56.    In formulating and carrying out the alleged contracts, combinations, and

6    conspiracies, Defendants and various co-conspirators did those things that they conspired to do,

7    including but not limited to those act alleged above, and for example:

8            a.    fixing, raising, maintaining, and stabilizing the price of Flash

9    Memory;

10            b.    allocating among themselves production of Flash Memory;

11            c.    restricting output of Flash Memory; and

12            d.    allocating markets for Flash Memory among themselves;

13        57.    The combinations, contracts, trusts, agreements, and conspiracies alleged

14    herein has had the following effects, among others:

15            a.    price competition in the sale of Flash Memory has been restrained,

16    suppressed, and/or eliminated in the United States;

17            b.    prices for Flash Memory sold by Defendants and their co-

18    conspirators have been fixed, raised, maintained, and stabilized at artificially high, non-

19    competitive levels throughout the United States; and

20            c.    those persons and entities who purchased Flash Memory indirectly

21    from Defendants and their co-conspirators have been deprived of the benefits of free and open

22    competition.

23        58.    As a direct and proximate result of the illegal combinations, contracts,

24    trusts, agreements, and conspiracies, Plaintiff and the members of the Class have been injured and

25    will continue to be injured in their business and property by paying more for Flash Memory

26    purchased indirectly from the Defendants and their co-conspirators than they would have paid and

27    will pay in the absence of the combination and conspiracy, including paying more for Flash

28

37438.1

1    Memory cards and other products in which Flash Memory is a component as a result of higher

2    prices paid for Flash Memory by the manufacturers of those products.

3            59.      Plaintiff and the Class are entitled to an injunction against Defendants,

4    preventing and restraining the violation alleged herein.

5                              **SECOND CLAIM FOR RELIEF**

6      **(Violation of the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*)**

7            60.      Plaintiff, on behalf of himself and all others similarly situated, realleges

8    and incorporates, as if fully alleged herein, each of the allegations contained in the preceding

9    paragraphs of this complaint, and further alleges against Defendants as follows.

10           61.      The unlawful conduct of Defendants, including the Defendants

11    headquartered or based in California, was centered in and carried out within California, and

12    Defendants' conduct within California injured all members of the Class throughout the United

13    States. Therefore, this claim for relief under California law is brought on behalf of all members of

14    the Class, whether or not they are California residents.

15           62.      Beginning at least as early as January 1, 1999 and continuing thereafter to

16    the present, the exact dates being unknown to Plaintiff, Defendants and various co-conspirators

17    entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce

18    described above in violation of California Business and Professional Code section 16720.

19    Defendants, and each of them, have acted in violation of section 16720 to fix, raise, stabilize, and

20    maintain prices of, and allocate markets for, Flash Memory at supra-competitive levels.

21           63.      For the purpose of forming and effectuating the alleged contracts,

22    combinations, conspiracies, trusts, agreements, understandings, and concerts of action,

23    Defendants and their co-conspirators did those things they conspired to do, including but not

24    limited to the acts alleged above, including actions:

25                    a.      to fix, raise, maintain, and stabilize the price of Flash Memory;

26                    b.      to allocate amongst themselves the production of Flash Memory;

27    and

28                    c.      to allocate markets for Flash Memory amongst themselves.

1    64.    In formulating and carrying out the alleged contracts, combinations, trusts,

2    agreements, understandings, and concert of action, Defendants and their co-conspirators engaged

3    in anticompetitive activities, the purpose and effect of which were and are:

4              a.    to artificially raise, fix, maintain, or stabilize the prices of Flash

5    Memory;

6              b.    to allocate among themselves Flash Memory production, markets

7    and customers;

8              c.    to control supply of Flash Memory; and

9              d.    to facilitate, effectuate, and implement the contracts, combinations,

10   trusts, agreements, undertaking fixed concerts of action, and conspiracies.

11   65.    As a direct and proximate result of the illegal contracts, combinations,

12   trusts, conspiracies, agreements, understandings and concerts of action, Plaintiff and the members

13   of the Class have been injured in their business and property in that they paid more for Flash

14   Memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.

15   66.    As a result of Defendants' violation of California Business and Professions

16   Code section 16720, Plaintiff seeks treble damages and the costs of suit, including reasonable

17   attorneys' fees, pursuant to the California Business and Professions Code section 16750(a).

18                              **THIRD CLAIM FOR RELIEF**

19                    **(Violation of the California Unfair Competition Law,**
                      **Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**
20

21   67.    Plaintiff, on behalf of himself and all others similarly situated, realleges

22   and incorporates, as if fully alleged herein, each of the allegations contained in the preceding

23   paragraphs of this complaint, and further alleges against Defendants as follows.

24   68.    Defendants' unlawful conduct was centered in and carried out chiefly

25   within the State of California, and Defendants' conduct within California injured all members of

26   the Class throughout the United States. Therefore, this claim for relief under California law is

27   brought on behalf of all members of the Class, whether or not they are California residents.

28

37438.1                                    17

69.     Beginning at least as early as January 1, 1999 and continuing thereafter to the present, the exact dates being unknown to Plaintiff, Defendants committed and continue to commit acts of unfair competition, as defined by California Business and Professions Code section 17200, *et. seq.*, commonly known as the Unfair Competition Law, by engaging in the acts and practices specified above.

70.     Plaintiff and the members of the Class bring this claim pursuant to California Business and Professions Code sections 17203 and 17204, to obtain restitution and/or disgorgement from Defendants for the acts, as alleged herein, that violate the Unfair Competition Law.

71.     Defendants' acts, omissions, misrepresentations, practices, and non-disclosures, as alleged herein, constitute a common course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, *et seq.*, in that, for example:

a.     they are violations of the California Business and Professions Code sections 16720, *et seq.*, set forth above;

b.     violations of the Sherman Act, 15 U.S.C. § 1;

c.     Defendants' acts and practices violate the common law; and

d.     Defendants' acts, omissions, misrepresentations, practices, and nondisclosures, as described above, whether or not in violation of the California Business and Professions Code sections 16720, *et seq.*, and whether or not concerted or independent acts, are otherwise unfair, unlawful and/or fraudulent;

72.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity in the future.

73.     The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and artificially-inflated prices for Flash Memory. Plaintiff and the members of the class suffered injury in fact and lost money or property as a result of the unfair competition.

1    74.    As alleged in this Complaint, Defendants and their co-conspirators have

2  been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair

3  competition. Plaintiff and the members of the Class are accordingly entitled to equitable relief

4  including restitution and/or disgorgement of all revenues, earnings, profits, compensation and

5  benefits which may have been obtained by Defendants as a result of such business practices,

6  pursuant to California Business and Professions Code sections 17203 and 17204.

7                          **FOURTH CLAIM FOR RELIEF**

8              **(Violation of State Antitrust and Unfair Competition Laws)**

9    75.    Plaintiff, on behalf of himself and all others similarly situated, realleges

10  and incorporates, as if fully alleged herein, each of the allegations contained in the preceding

11  paragraphs of this complaint, and further alleges against Defendants as follows.

12    76.    By reason of the foregoing, Defendants have entered into agreements in

13  restraint of trade in violation of Alabama Code §§ 8-10-1, *et seq.*

14    77.    By reason of the foregoing, Defendants have entered into agreements in

15  restraint of trade in violation of Alaska Stat. §§ 45, 50, 471, *et seq.*

16    78.    By reason of the foregoing, Defendants have entered into agreements in

17  restraint of trade in violation of Arizona Revised Stat. §§ 44-1401, *et seq.*

18    79.    By reason of the foregoing, Defendants have entered into agreements in

19  restraint of trade in violation of District of Columbia Code Ann. §§ 28-4503, *et seq.*

20    80.    By reason of the foregoing, Defendants have entered into agreements in

21  restraint of trade in violation of Florida Stat. §§ 501.207, 501.213, *et seq.*

22    81.    By reason of the foregoing, Defendants have entered into agreements in

23  restraint of trade in violation of Hawaii Rev. Stat. §§ 480-3, 480-14, *et seq.*

24    82.    By reason of the foregoing, Defendants have entered into agreements in

25  restraint of trade in violation of Iowa Code §§ 553.1, *et seq.*

26    83.    By reason of the foregoing, Defendants have entered into agreements in

27  restraint of trade in violation of Kansas Stat. Ann. §§ 50-101, *et seq.*

28

84. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Louisiana Revised Statutes §§ 51:1401, *et seq.*

85. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§ 1101, *et seq.*

86. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Massachusetts Gen. Laws Ch. 93, *et seq.*

87. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§ 445.773, *et seq.*

88. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§ 325D.52, *et seq.*

89. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. § 75-21-1, *et seq.*

90. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. Ann. §§ 59-801, *et seq.*

91. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§ 598A, *et seq.*

92. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§ 57-1-1, *et seq.*

93. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§ 75-1, *et seq.*

94. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§ 51-08.1-01, *et seq.*

95. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§ 37-1, *et seq.*

96. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§ 47-25-101, *et seq.*

97. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§ 2453, *et seq.*

98.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of West Virginia §§ 47-18-1, *et seq.*

99.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§ 133.01, *et seq.*

100.    Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for Flash Memory. As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment and Disgorgement of Profits)

101.    Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates, as if fully alleged herein, each of the allegations contained in the preceding paragraphs of this complaint, and further alleges against Defendants as follows.

102.    Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

103.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred by overpayments of supra-competitive prices by Plaintiff and members of the Class.

104.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    That the Court determine that the claims alleged herein under the Sherman Act, the California Cartwright Act, the California Unfair Competition Law, the state antitrust and unfair competition laws, and the common law may be maintained as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3);

1    2.    That Defendants, their affiliates, successors, transferees, assignees, and the

2  officers, directors, partners, agents, and employees thereof, and all other persons acting or

3  claiming to act on their behalf, be permanently enjoined and restrained from in any manner

4  continuing, maintaining, or renewing the conduct, contract, trust, understanding, conspiracy, or

5  combination alleged herein, or from entering into any other conduct, contract, trust,

6  understanding, conspiracy, or combination having a similar purpose or effect, and from adopting

7  or following any practice, plan, program, or device having a similar purpose or effect;

8    3.    That the unlawful conduct, contract, conspiracy or combination alleged

9  herein be adjudged and decreed to be:

10    a.    a restraint of trade or commerce in violation of section 1 of the

11  Sherman Act;

12    b.    a violation of the California Cartwright Act;

13    c.    a violation of the California Unfair Competition law;

14    d.    violations of the state antitrust and unfair competition laws

15  identified in the Fourth Claim for Relief; and

16    e.    acts of unjust enrichment.

17    4.    That Plaintiff and the Class recover damages, as provided law, and that a

18  joint and several judgment in favor of Plaintiff and the Class be entered against the Defendants in

19  an amount to be trebled in accordance with applicable laws;

20    5.    That Plaintiff and members of the Class be awarded restitution, including

21  disgorgement of profits obtained by Defendants as a result of their acts of unfair competition and

22  acts of unjust enrichment;

23    6.    That Plaintiff and members of the Class be awarded pre- and post-

24  judgment interest, and that that interest be awarded at the highest legal rate from and after the

25  date of service of the initial complaint in this action;

26    7.    That Plaintiff and members of the Class recover their costs of this suit,

27  including reasonable attorneys' fees as provided by law; and

28

37438.1    22

1          8.    That Plaintiff and members of the Class receive an award for such other

2    and further relief as the nature of the case may require or as the Court deems just, equitable, and

3    proper.

4

    Dated: April _11_, 2007           CAREY & DANIS, LLC

5

6

7                                       By: _Michael J. Flannery_

                                        Michael J. Flannery (State Bar No. 196266)

8

9                                      Michael J. Flannery (State Bar No. 196266)

                                  *mflannery@careydanis.com*

10                                     James J. Rosemergy

                                  *jrosemergy@careydanis.com*

11                                     8235 Forsyth Boulevard, Suite 1100

                                  St. Louis, MO  63105

12                                     Telephone:  (314) 725-7700

                                  Facsimile:  (314) 721-0905

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37438.1                         23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated: April _11_, 2007

CAREY & DANIS, LLC

By: _Michael J. Flannery_
Michael J. Flannery (State Bar No. 196266)

Michael J. Flannery (State Bar No. 196266)
*mflannery@careydanis.com*
James J. Rosemergy
*jrosemergy@careydanis.com*
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Telephone: (314) 725-7700
Facsimile: (314) 721-0905